IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAN L. ELLIOT,                                              Civ. No. 06-601-AA
                                                            OPINION AND ORDER
          Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

          Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon 97045
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neal Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Carol A. Hoch
Acting Regional Chief Counsel, Region X, Seattle
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Jan L. Elliot brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance, under Title II of the Social Security Act (the Act).  42 U.S.C. §§ 401-34.  The Commissioner's motion to remand is granted and his decision is reversed and remanded for additional administrative proceedings.

### PROCEDURAL BACKGROUND

On November 15, 2001, plaintiff protectively filed an application for Title II disability benefits.  Tr. 102-04.  He alleged disability beginning April 1, 1996, due to chronic fatigue, chronic pain, fibromyalgia, chronic diarrhea, chronic hives, hypertensive retinopathy, and concentration difficulties.  Tr. 112.  His application was denied initially, and on reconsideration.  Pursuant to plaintiff's request, an Administrative Law Judge (ALJ) held a hearing.  Tr. 98.  On May 25, 2001, the ALJ issued a decision finding plaintiff not disabled as he was able to return to his past relevant work.  Tr. 15-23.

On October 6, 2003, the Appeals Council declined plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purpose of judicial review.  Tr. 317-319.  20 C.F.R. § 422.210.  Plaintiff then filed a complaint for

judicial review in this court, and the parties agreed by stipulation to remand the matter for further proceedings. Tr. 320. On November 24, 2004, upon entering the stipulated remand, the court ordered the ALJ to: (1) further evaluate plaintiff's mental status and its impact on his pain complaints; (2) give further consideration to plaintiff's maximum residual functional capacity (RFC), providing a function-by-function assessment of plaintiff's ability to perform work-related physical and mental activities; (3) obtain vocational expert testimony to clarify the effect of the assessed limitations on the available occupational base; and (4) clarify the nature of plaintiff's past relevant work, resolving any conflicts between the vocational expert's testimony and the Dictionary of Occupations Titles (DOT), pursuant to Social Security Ruling (SSR) 00-4p. Tr. 320.

Therefore, on May 3, 2005, the ALJ held a second de novo hearing where plaintiff and vocational expert (VE), Francene Summers, testified. Tr. 328-52. On September 19, 2005, the ALJ again found plaintiff not disabled within the meaning of the Act based on his ability to return to his past relevant work. Tr. 288-98. The Appeals Council denied plaintiff's request for review, and plaintiff again requested judicial review in this court requesting remand for a finding of disability.

The Commissioner filed a motion to remand this case for additional proceedings acknowledging that the ALJ's decision

Page 3 - OPINION AND ORDER

contains "legal errors that must be addressed before it can be determined whether or not plaintiff is disabled."  Def's Memo in Support of Remand, p. 3.  The Commissioner argues that further administrative proceedings are necessary to resolve outstanding issues before a determination of disability can be made.  See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for further proceedings due to outstanding issues).

## FACTS

Plaintiff was born on May 27, 1941, and was 54 years old on his alleged onset date, and 59 years old when his insured status expired on December 30, 2000.  Tr. 102, 290.  He has a 12th-grade education, one year of college, and completed an apprenticeship as a jeweler.  Tr. 113, 118.  His past relevant work was identified at the 2005 hearing as a composite job of jeweler, jewelry estimator, and watch repairman.  Tr. 338-41, 345, 348, 350.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

Page 5 - OPINION AND ORDER

§§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**The ALJ's Findings**

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity after his alleged onset date. Tr. 297, Finding 4. See 20 C.F.R. §§ 404.1520(b), 416.920(b). This

finding is not in dispute.  At step two, the ALJ found that plaintiff had severe impairments consisting of hypertension, hypertensive retinopathy with congenital cataracts; irritable bowel syndrome and fibromyalgia.  Tr. 297, Finding 5.  See 20 C.F.R. §§ 404.1520(c), 416.920(c).  This finding is not in dispute.

At step three, the ALJ found that plaintiff's impairments considered alone or in combination with severe and nonsevere impairments, do not meet or equal the criteria for any Listing in Appendix 1, Subpart P, 20 C.F.R. § 404. Tr. 297, Finding 6.  See 20 C.F.R. § 404.1520(b).  This finding is not in dispute.

At step four, the ALJ found that plaintiff's RFC "does preclude" him from performing his past relevant work, "pursuant to the testimony of a [VE]."  Tr. 298, Finding 10. The court assumes the ALJ meant to find plaintiff's RFC "does [not] preclude . . .," the ALJ stated in the body of his Decision that "the claimant has failed to prove that he cannot perform the demands as generally performed throughout the national economy of his 'past relevant work' as jeweler."  Tr. 297.  The ALJ then found plaintiff not entitled to disability benefits under the Act.  Tr. 298, Finding 11.  This finding is in dispute.

## DISCUSSION

The Commissioner moves pursuant to sentence four of 42 U.S.C. § 405(g) to reverse and remand this case for further

Page 7 - OPINION AND ORDER

administrative proceedings. Specifically, the Commissioner noted that the ALJ should have done the following: (1) included any limitations associated with plaintiff's hypertensive retinopathy and irritable bowel syndrom (IBS) in his RFC assessment; and (2) obtained VE testimony relative to plaintiff's ability to perform his past relevant work as a jeweler, jewelry estimator, and watch repairman, i.e., a composite job, and then if necessary, his ability to perform other jobs in the national economy.

I agree that this case should be remanded for further proceedings. The court has discretion to decide whether to reverse and remand this case for further administrative proceedings or for payment of benefits. 42 U.S.C. § 405(g)[sentence four]. I find (1) unresolved issues; and (2) that the record does not clearly require a finding of disability. Remand is therefore appropriate to allow for further proceedings to remedy defects in the original administrative proceedings. <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1210 (9th Cir. 2001). When evidence is not properly evaluated, the court may credit such evidence as true and remand for an award of benefits under the following circumstances:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence,
> (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and
> (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Page 8 - OPINION AND ORDER

Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)(internal citation omitted).  I find that the circumstances noted above do not apply here.

Remand is appropriate here because further enhancement of the record would be useful.  See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).[1]

Upon remand, the ALJ must first reassess plaintiff's RFC based on all of plaintiff's severe and non-severe impairments. The ALJ found that plaintiff's severe impairments included hypertension, hypertensive retinopathy with congenital cataracts, IBS, and fibromyalgia.  Tr. 297, Finding 3.  It is notable that an impairment will only be found severe if it "significantly limits [plaintiff's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  Whether or not an impairment is determined to be severe, the work related limitations imposed by every medically determinable impairment must be accommodated in the RFC finding.  See SSR 96-8p. Although the ALJ found that both plaintiff's eye impairment and IBS were "severe," the ALJ failed to include impairment related functional limitations associated with these conditions in the RFC assessment.  Tr. 292.  Instead, the ALJ found there was no

---

[1] The court notes that delay between plaintiff's application and a final resolution does not, by itself, warrant an award of benefits.  Connett v. Barnhart, 340 F.3d 876, 872, 876 (9th Cir. 2003)(court remanded for further proceedings 6 years after plaintiff applied for disability benefits).

evidence plaintiff's hypertensive retinopathy precluded him from performing his prior occupation as a jeweler, and that the medical evidence did not demonstrate a disabling gastrointestinal condition.  Tr. 293.

As acknowledged by the defendant, the ALJ's decision is internally inconsistent in that it failed to accommodate work related limitations associated with plaintiff's eye impairment and IBS in the RFC assessment.  Therefore, remand is necessary to allow the ALJ to assess plaintiff's severe impairments, specifically plaintiff's eye impairment and IBS, in terms of the impact to plaintiff's RFC and any work related limitations.

Second, the ALJ must reconsider plaintiff's ability to perform his past relevant work.  The Regulations establish that a plaintiff will be found "not disabled" when it is determined he retains the RFC to perform the actual functional demands and job duties of a particular past relevant job.  20 C.F.R. § 404.1250(e).  Here, the VE testified at length about the actual functional demands of plaintiff's past relevant work, which the VE identified as a composite job of jeweler, jewelry estimator, and watch repairman.  Tr. 338-41, 345, 348, 350.  The ALJ acknowledged, on the record, that plaintiff's job had been a "composite of different components" and that "the components fit into three categories."  Tr. 349-50.  The ALJ did not, however, ask the VE whether a hypothetical individual with plaintiff's RFC

Page 10 - OPINION AND ORDER

would be able to perform the composite job. In his written decision, the ALJ stated that the VE testified that an individual with plaintiff's RFC could perform his past work as a jeweler, which is, however, only one component of the composite job identified by the VE. Tr. 297. The ALJ then found the VE's testimony consistent with the DOT and accepted her opinion before concluding that plaintiff could perform his past relevant work. Tr. 297.

I find it was error to classify plaintiff's past relevant work according to only one function of his prior occupation. Moreover, the plaintiff testified that he performed the function identified by the ALJ the least. Tr. 346, 347, 350. Without VE testimony linking plaintiff's RFC to <u>all</u> of the functional demands of his prior 'composite' job, the ALJ's decision finding plaintiff able to return to his past relevant work is not supported by substantial evidence. Therefore, this case must be remanded to allow the ALJ to fully consider whether plaintiff can perform his past relevant work before any disability determination can be made.

## **CONCLUSION**

The Commissioner's decision is not based on substantial evidence. Defendant's motion to remand (doc. 23) is granted and this case is reversed and remanded for additional administrative proceedings. This case is dismissed.

IT IS SO ORDERED.

    Dated this __26__ day of June 2007.


                                  /s/ Ann Aiken
                                    Ann Aiken
                          United States District Judge